## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

VICTOR RAY WISE, II *et al.*,

        *Plaintiffs*,

    v.

BANK MARKAZI JOMHOURI ISLAMI
IRAN *et al.*,

        *Defendants*.

Civil Action No. 19-995 (TJK)

## ORDER

Before the Court is Plaintiffs' Second Motion for Alternative Service of Process on Defendants. ECF No. 24. The Court had previously granted Plaintiffs leave to effect alternative service under 28 U.S.C. § 1608(b)(3)(B) of the Foreign Sovereign Immunities Act by mailing copies of the summons and complaint to a law firm in Germany, which would then effectuate service via DHL. *See* Minute Order of November 21, 2022. Those efforts to effect service have failed, and Plaintiffs now move the Court to permit service on Defendants Bank Markazi Jomhouri Islami Iran ("Bank Markazi"), Bank Melli Iran ("Bank Melli"), and the National Iranian Oil Company ("NIOC") in two alternative ways: first, by serving Iran itself via its foreign ministry under 28 U.S.C. § 1608(a), and second, by serving Defendants' branches and offices outside of Iran in countries more amenable to accepting deliveries from the United States under 28 U.S.C.§ 1608(b). *See* ECF Nos. 24, 25. For the following reasons, the Court will deny the motion with prejudice in part and without prejudice in part.

As for leave to serve Defendants under Section 1608(a), the Court will deny the motion because none of them are properly served under that provision of the statute. As Plaintiffs concede, Section 1608(b) governs service of an "agency or instrumentality" of a foreign state. ECF No. 25

at 3; *see also Williams v. Islamic Republic of* Iran, No. 18-cv-2425 (RDM), 2021 WL 1820263, at *1 (D.D.C. May 6, 2021) ("[P]laintiffs attempting to serve 'an agency or instrumentality of a foreign state' must comply with § 1608(b).").  Still, Plaintiffs try to leverage the Court's conclusion in a related case that Defendants are agents of Iran such that due process concerns that would otherwise apply in the exercise of personal jurisdiction over an agency or instrumentality of a state are alleviated.  *Hake v. Bank Markazi*, No. 17-cv-114 (TJK), 2022 WL 4130837, at *13 (D.D.C. Sept. 12, 2022) (quoting *Shoham v. Islamic Republic of Iran*, No. 12-cv-508 (RCL), 2017 WL 2399454, at *15 (D.D.C. June 1, 2017)).   But that is a separate question from whether service may be made under Section 1608(a) on an entity that is itself not a foreign state (nor political subdivision of one) given the bifurcated nature of Sections 1608(a) and (b).  Indeed, both *Hake* and *Shoham still* held that bank defendants were appropriately served under Section 1608(b), not (a). *Hake*, No. 17-cv-114 (TJK), 2022 WL 4130837, at *5–7; *Shoham*, No. 12-cv-508 (RCL), 2017 WL 2399454, at *15.  And courts in this District have widely held that the "core functions" of Bank Markazi, Bank Melli, and NIOC are commercial rather than governmental and, thus, those entities are appropriately served under Section 1608(b) as instrumentalities of Iran.[1]  Nothing Plaintiffs cite, including the Court's conclusion that Defendants are agents of Iran for personal jurisdiction purposes, undermines that conclusion.  *See* ECF Nos. 24, 25.

As for Section 1608(b), it provides several different ways to carry out service, none of which Plaintiffs request with any specify.  Accordingly, the Court cannot tell whether it should

---

[1] *See, e.g.*, *Holladay v. Islamic Republic of Iran*, 406 F. Supp. 3d 55, 59–60 (D.D.C. 2019) (Bank Melli is properly served under Section 1608(b)); *Holladay v. Islamic Republic of Iran*, 523 F. Supp. 3d 100, 106-09, 107–14 (D.D.C. 2021) (Bank Markazi and NIOC are properly served under Section 1608(b)); *Estate of Hartwick v. Islamic Republic of Iran*, No. 18-cv-1612, 2021 WL 6805391, at *4–8 (D.D.C. Oct. 1, 2021) (same); *Williams v. Islamic Republic of Iran*, No. 18-cv-2425 (RDM), 2021 WL 1820263, at *4–5 (D.D.C. May 6, 2021) (Bank Melli, Bank Markazi, and NIOC are properly served under Section 1608(b)).

grant leave to pursue any of them.  In their motion, Plaintiffs refer to Section 1608(b)(2), which provides for delivery "in accordance with an applicable international convention on service of judicial documents."  28 U.S.C. § 1608(b)(2).  And they request that they be permitted to serve unspecified branches or offices of Bank Melli in France and Germany via the Hague Service Convention because such branches may be considered part of the parent bank for service purposes. They also note that at least one court has approved such service.  *See Shoham v. Islamic Republic of Iran*, 922 F. Supp. 2d 44, 49–50 (D.D.C. 2013).  Fair enough.  But they fail to mention that the court did so only after considering the exact method of service proposed, the specific entity to be served, and whether the country in which the entity was located allowed such service under the Hague Service Convention, and also that the court approved that alternative service under Section 1608(b)(3)(C).  Plaintiffs also gesture at Section 1608(b)(3), which allows the court to permit service of an agency or instrumentality of a foreign state in several ways so long as service cannot be made under Sections (b)(1) or (2) and the method is "reasonably calculated to give actual notice." 28 U.S.C. § 1608(b)(3).  But the bottom line is that Plaintiffs do not set forth with specificity (1) the method of service they seek to employ; (2) the branch, office, or agent of a defendant they seek to serve; (3) whether the relevant country allows such service under the Hague Service Convention; and (4) what part of Section 1608(b) purportedly authorizes such service.  Until they do so, the Court cannot determine whether it should grant leave to attempt alterative service.

For all these reasons, it is hereby **ORDERED** that Plaintiffs' Second Motion for Alternative Service of Process on Defendants is **DENIED WITH PREJUDICE IN PART** to the extent it seeks leave to serve Defendants under Section 1608(a).  It is **FURTHER ORDERED** that Plaintiffs' motion is **DENIED WITHOUT PREJUDICE IN PART** to the extent it seeks leave to serve Defendants under Section 1608(b).

**SO ORDERED.**

/s/ Timothy J. Kelly
TIMOTHY J. KELLY
United States District Judge

Date: October 12, 2023